**William Clifford BUTLER, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 06–94–00083–CR.

Court of Appeals of Texas,
Texarkana.

Submitted Sept. 19, 1994.

Decided Dec. 15, 1994.

John Tatum, Dallas, for appellant.

John C. Vance, Crim. Dist. Atty., Dallas, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

GRANT, Justice.

William Butler appeals from his conviction for the offense of aggravated sexual assault on a child. He was convicted in a trial by jury, which assessed his punishment at thirty-eight years' confinement.

Butler contends that the trial court committed reversible error by overruling his objection to a State's exhibit, by overruling his objection to the testimony of an expert witness, and by providing him with ineffective assistance of counsel.

The complainant, a ten-year-old girl, testified that Butler sexually abused her by rubbing her vagina and inserting his finger into her vagina. Butler does not contest the sufficiency of the evidence. He first contends that the trial court erred by overruling his objection to State's exhibit 1, a medical report. He argues that the court erred by admitting this document into evidence because the report, which was written by the nurse practitioner who testified at trial, was inadmissible. He contends that the nurse, Sherry Good, was not properly qualified to give an opinion on this subject matter through her report. He also contends that the document contains hearsay statements necessarily obtained from either the complainant or her mother and was therefore not admissible.

We first address his hearsay contention. The hearsay consists of information obtained during complainant's medical exami-

nation, but the evidence does not reveal the source of that information. TEX.R.CRIM. EVID. 803(4) specifically provides that statements made for purposes of medical diagnosis or treatment are not excluded by the hearsay rule. The record is not sufficient to allow a finding of error in this regard. This contention is without merit.

■ Butler also contends that the portion of the report entitled "Assessment" is outside the scope of the expertise of the nurse, Sherry Good, who prepared the report. He has not suggested any particular way in which this nurse practitioner was unqualified to give such an opinion. TEX. R.CRIM.EVID. 702 provides that a witness qualified as an expert "by knowledge, skill, experience, training, or education, may testify . . . in the form of an opinion or otherwise." The admission of such testimony is within the trial court's discretion and its decision regarding such will not be set aside absent an abuse of that discretion. *Clark v. State*, 881 S.W.2d 682 (Tex.Crim.App.1994); *Joiner v. State*, 825 S.W.2d 701, 708 (Tex. Crim.App.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 3044, 125 L.Ed.2d 729 (1993). Good testified that she had a master's degree in nursing and was certified by the State Board of Nurse Examiners as a nurse in advanced practice. She testified that she worked at a REACH Clinic (Referral and Evaluation of Abused Children), that she had received extensive specialized training in the field of child abuse, and that she had examined approximately 2,000 cases of alleged sexual abuse.[1] She also testified that she had received three months of specialized training in this area from a doctor on the faculty of a medical school who was a nationally known expert in the field of child abuse. It does not appear that the trial court abused its discretion by admitting this evidence.

■ Butler next contends that the trial court erred by overruling his objection to the testimony of Sue James because her qualifications as an expert were inadequate. James testified that she was the clinical supervisor at the Dallas County Rape Crisis and Child Sexual Abuse Center and had held that position for seventeen years. She testified that her primary responsibility is counseling sexual assault victims, and about half the work that she does is with children. The Center has between 700 and 1,000 new child sexual abuse cases per year. She holds a master of science degree in counseling from the University of Texas Health Science Center and attends thirty to fifty hours of continuing education training in that area per year. Under the standard previously discussed, it does not appear that the trial court abused its discretion by qualifying Sue James as an expert in the field and permitting her to testify on related matters.

■ Butler next contends that he received ineffective assistance of counsel at trial. In determining whether the assistance of counsel was effective in a criminal prosecution, we look at the trial as a whole, not at isolated incidents. *Moore v. State*, 694 S.W.2d 528 (Tex.Crim.App.1985). The effectiveness of counsel, whether retained or appointed, is judged by a single standard: reasonably effective assistance. *Ex parte Gallegos*, 511 S.W.2d 510 (Tex.Crim.App.1974). In reviewing claims of a denial of the right under the Sixth Amendment to the United States Constitution to effective assistance of counsel, we apply the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and *Butler v. State*, 716 S.W.2d 48, 54 (Tex.Crim. App.1986). The *Strickland* test requires an accused to show that his counsel's representation fell below an objective standard of reasonableness and then must show that the deficient performance prejudiced his defense. In meeting the second criterion, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Ex parte Wilson*, 724 S.W.2d 72 (Tex.Crim.App.1987). Butler first contends that trial counsel was inadequate because he asked the mother on cross-examination whether the complainant enjoyed the attention from the case. This

---

1. Good testified that only about fifteen to twenty percent of the reported cases actually showed evidence of sexual abuse.

question was first asked by the prosecutor. Counsel then asked the witness whether the complainant felt close to the prosecutor or the other people with whom she interacted as a result of this prosecution. Counsel was apparently attempting to cast doubt on the complainant's testimony by showing that she had a motive to fabricate some of her testimony. His attempt failed. Nevertheless, the effort does not reflect ineffective assistance of counsel.

■ Butler also contends that counsel was ineffective because he directly asked the witness on cross-examination whether the defendant was guilty or not, thus eliciting an opinion that would normally be prohibited under the strictures of *Yount v. State,* 872 S.W.2d 706 (Tex.Crim.App.1993), in which the Court held that expert testimony that a particular witness is truthful is inadmissible under Rule 702.

During cross-examination, however, defense counsel elicited testimony from the expert witness to the effect that she was much more skeptical of claims of child abuse than she had been when she entered the field. Counsel emphasized the various other motivations that could come into play to cause a fabrication of such stories and then attempted to climax his presentation by asking the witness whether "based on your conversations with [the complainant] and all that she's told you, can you say without hesitation that William Butler sexually assaulted her?" The witness answered, "I'm convinced that he did based on my conversations with her, yes."

Counsel's trial strategy was to throw doubt and suspicion on the complainant's testimony. We will not second guess his tactical choice. Our review of the remaining representation indicates that counsel adequately presented his case and reveals no flagrant errors. Butler has not shown that his counsel's representation fell below an objective standard of reasonableness. Thus, we need not address the second prong of *Strickland.*

■ Butler also contends that he received ineffective assistance of counsel contrary to the requirements of Texas Constitution Article I, § 10. However, he has not set forth any way in which the Texas Constitution

imposes a different or a higher standard of review than the United States Constitution. When a defendant complains of both federal and state constitutional violations but offers no argument or authority as to how Texas constitutional protections differ from those guaranteed by the United States Constitution, we decline to pursue those arguments for the party and address them together. *Johnson v. State,* 853 S.W.2d 527, 533 (Tex. Crim.App.1992); *Santikos v. State,* 836 S.W.2d 631, 632 n. 1 (Tex.Crim.App.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 600, 121 L.Ed.2d 537 (1992).

The judgment of the trial court is affirmed.