11th Court of Appeals
Eastland, Texas
Opinion
 
James Walter Dickson
            Appellant
Vs.                  No. 11-02-00272-CR -- Appeal from Stephens County
State of Texas
            Appellee
 
            The jury convicted James Walter Dickson of three counts of sexual assault of a child and
assessed his punishment at confinement for 20 years in each count and a fine of $10,000 in two of
the counts. Pursuant to TEX. PENAL CODE ANN. § 3.03(b)(2) (Vernon 2003), the trial court
ordered that the sentence for the final count run consecutively to the sentence in the first two counts. 
We affirm. 
            Appellant presents two points of error on appeal. He does not challenge the sufficiency of
the evidence. The record shows that, on 3 separate occasions, appellant had sexual intercourse with
his daughter, who was 15 years old at the time of the offenses. In the first point of error, appellant
contends that the trial court abused its discretion in refusing to allow appellant to introduce
photographs into evidence. In his second point, appellant argues that the trial court abused its
discretion in permitting the hearsay testimony of a registered nurse who testified regarding
statements made to her by the victim. 
            A trial court has broad discretion in ruling on the admissibility of evidence. Salazar v. State,
38 S.W.3d 141, 151 (Tex.Cr.App.), cert. den’d, 534 U.S. 855, 122 S.Ct. 127, 151 L.Ed.2d 82 (2001);
Weatherred v. State, 15 S.W.3d 540, 542 (Tex.Cr.App.2000); Prystash v. State, 3 S.W.3d 522, 527
(Tex.Cr.App.1999), cert. den’d, 529 U.S. 1102, 120 S.Ct. 1840, 146 L.Ed.2d 782 (2000). As such,
we will not disturb the trial court’s ruling as long as it was within the zone of reasonable
disagreement. Salazar v. State, supra; Weatherred v. State, supra; Montgomery v. State, 810 S.W.2d
372, 391 (Tex.Cr.App.1991). 
            With respect to the first point of error, appellant offered four photographs of his penis into
evidence. Appellant attempted to introduce the photos during the testimony of Cassie Dickson, who
was appellant’s wife at the time of trial. The photos were taken near the time of trial – two years
after the offenses – and were offered to “show the length and the girth” of appellant’s penis. In his
brief, appellant asserts that the photos were “offered to show that, had penetration occurred as
alleged, his penis was of such size that more tearing and/or damage to the victim’s genitals would
have occurred.” Nothing in the record supports such an assertion. 
            We hold that the trial court did not abuse its discretion in refusing to admit the photos. Under
TEX.R.EVID. 401, evidence is relevant if it has “any tendency to make the existence of any fact that
is of consequence to the determination of the action more probable or less probable than it would
be without the evidence.” At trial, defense counsel asserted that the photos would be helpful to the
jury to understand the medical testimony that had been offered. The only medical testimony relevant
to this issue was the following testimony from the nurse practitioner during cross-examination by
defense counsel:
            Q: If someone reports to your office for a sexual assault exam and they say
that someone has used an object in them, does it matter to you and do you want to
know about that object? 
            A: Yes. 
* * *
            Q: Okay. What if they told you it was -- what would give you concern, let
me ask you that? Glass would give you concern, right, a glass object for apparent
reasons? 
 
            A: Yes. 
 
            Q: Does the shape of the object mean anything to you in your exam? 
 
            A: I’m -- I don’t follow. Yes, it would because the object itself would be
important. 
 
            Q: The object itself is important. Correct? 
 
            A: Uh-huh. 
 
            Q: And if a large object is inserted by force, where do you expect to find
tearing? 
 
            A: At the posterior fourchette. 
 
The victim had no tearing at the posterior fourchette, but she did have an abrasion on her left labia
minora. The nurse practitioner was not questioned about injuries or potential injuries from the
insertion of appellant’s penis or something that size, and no other testimony was offered in support
of appellant’s contention. We hold that it was within the trial court’s discretion to exclude the
photos based on relevancy grounds. 
            Moreover, we hold that any error in the trial court’s refusal to admit the photos was harmless
under TEX.R.APP.P. 44.2 because Cassie (appellant’s wife at the time of trial) was permitted during
her testimony to “describe” the size of appellant’s penis. She answered the question by indicating
with her hands. Appellant’s first point of error is overruled. 
            With respect to appellant’s second point of error, we also hold that the trial court did not
abuse its discretion. Appellant contends that the trial court abused its discretion by allowing the
nurse practitioner to testify regarding the victim’s statements and to give an opinion that the nurse
practitioner’s findings were consistent with the allegations made by the victim. The record shows
that the nurse practitioner who performed the sexual assault exam on the victim and who testified
at trial regarding that exam had been a registered nurse for 29 years and also had extensive training
in performing sexual assault exams. 
            TEX.R.EVID. 803(4) specifically provides an exception to the hearsay rule for statements
describing medical history that are made for the purpose of medical diagnosis or treatment. Pursuant
to Rule 803(4), it was permissible for the nurse practitioner who performed the sexual assault exam
on the victim to testify regarding the victim’s medical history as told to the nurse by the victim. 
Gregory v. State, 56 S.W.3d 164, 182-83 (Tex.App. - Houston [14th Dist.] 2001, pet’n dism’d), cert.
den’d, ___ U.S. ___, 123 S.Ct. 1787, 155 L.Ed.2d 667 (2003). Pursuant to TEX.R.EVID. 702, it
was also permissible for the nurse practitioner to testify and give her expert opinion that her findings
were consistent with the medical history given by the victim. Gregory v. State, supra at 178-81;
Butler v. State, 892 S.W.2d 138, 140 (Tex.App. - Texarkana 1994, no pet’n). We decline appellant’s
request to follow the dissent in Gregory. Appellant’s second point of error is overruled. 
            The judgment of the trial court is affirmed. 
 
                                                                                                PER CURIAM
 
February 5, 2004
Do not publish. See TEX.R.APP.P. 47.2(b). 
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.