Accordingly, appellant's first point of error is without merit and is overruled.

We affirm the trial court's judgment.

Kenneth Ray WILLIAMS, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–95–00529–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 11, 1996.

Mary B. Hennessy, Brenham, for Appellant.

Charles J. Sebesta Jr., Burleson, W.W. Torrey, Washington, for Appellees.

Before TAFT, COHEN and HEDGES, JJ.

## OPINION

TAFT, Justice.

A jury found appellant, Kenneth Ray Williams, guilty of aggravated robbery and assessed punishment at 35–years confinement and a $4,000 fine. Appellant challenges the admission of a confession letter and the prosecutor's jury argument regarding parole and actual time served. We affirm.

### Facts

Charles Orsak was an 82–year–old life-long resident of Snook, Texas. On November 11, 1994, Mr. Orsak was driving his pickup truck when he encountered appellant walking down the road. Appellant flagged down Mr. Orsak, lured him from his truck, and then beat Mr. Orsak severely with a stick. Appellant took Mr. Orsak's wallet and pickup truck; the truck contained a 20 gauge shotgun and a drink carrier. Appellant was observed, by a nearby resident, to be in the area just prior to the robbery.

Mr. Orsak crawled to a nearby house and called 911. The next day the pickup, without the shotgun and the drink carrier, was found abandoned in Snook. That same day appellant was arrested, next to a public pay phone, after appellant called the sheriff's department. A beer can recovered near the pickup was submitted to the Texas Department of

Public Safety latent fingerprint laboratory which identified a print from the beer can as appellant's.

After his arrest and receiving his warnings, appellant gave a detailed written statement incriminating himself, and led deputies to the stolen shotgun and drink carrier.

### Admission of Confession Letter

In his first point of error, appellant contends that the trial court abused its discretion by admitting into evidence an incriminating letter purportedly written by appellant. Appellant argues that the State did not prove the authenticity of the confession letter by showing that appellant wrote it.

During appellant's stay in the Burleson County jail, a letter admitting his guilt to the crime and signed "Kenneth Ray Williams" was sent to the district attorney. At a pretrial hearing on appellant's motion to suppress the confession letter, appellant testified that he had another inmate write and sign the letter, but appellant denied knowledge of the letter's contents. The State then agreed to offer the letter for the limited purpose that appellant asked another inmate to send the letter to the district attorney.

However, at trial the State offered the letter into evidence without limitation. Appellant's attorney objected: "Your honor, we're going to object to this. There's no proper predicate been shown as to who wrote the statement or who signed it." The objection was overruled, the trial court admitted the letter into evidence, and it was read to the jury.

### A. Preservation of Error

The State contends that appellant failed to preserve error by not making a specific objection to the admission of the letter. TEX.R.APP.P. 52(a) provides that in order to preserve error for appellate review, a party must have presented to the trial court a timely objection, stating the specific grounds for the ruling he desired the court to make, if the specific grounds were not apparent from the context. The specific grounds are required to inform the trial judge of the basis of the objection and afford him the opportunity to rule on the objection, and to afford opposing counsel an opportunity to supply other testimony. *Maynard v. State,* 685 S.W.2d 60, 64–65 (Tex.Crim.App.1985). Therefore, an objection is preserved for appellate review when the record adequately shows that the trial judge and opposing counsel were aware of the substance of a defendant's objection, or where the correct ground of exclusion was obvious. *Thomas v. State,* 723 S.W.2d 696, 700–01 (Tex.Crim.App.1986).

Appellant objected to the admission of evidence on the basis that no proper predicate had been shown as to who wrote the statement or who signed it. This was sufficient to apprise the trial court and the State that the ground was lack of authentication of the letter. TEX.R.CRIM.EVID. 901(a) requires, as a condition precedent to admissibility, sufficient evidence to support a finding that the matter in question is what its proponent claims it to be. Under these circumstances, we conclude appellant adequately preserved his first point of error for review.

### B. Admission of the Confession Letter

The determination of admissibility of evidence is within the sound discretion of the trial court. *Werner v. State,* 711 S.W.2d 639, 643 (Tex.Crim.App.1986). A trial court's decision will not be reversed unless there is clear abuse of discretion. *Holloway v. State,* 751 S.W.2d 866, 870 (Tex.Crim.App.1988). A trial court abuses its discretion when its "decision was so clearly wrong as to lie outside that zone within which reasonable persons might disagree." *Cantu v. State,* 842 S.W.2d 667, 682 (Tex.Crim.App.1992).

In this case, the record reflects that, despite appellant's timely and proper objection, the trial court admitted the confession letter without any proof of authenticity by the State. The trial court's decision admitting the letter and allowing it to be read to the jury was erroneous.

### C. Harm Analysis

Having found error, the trial court's judgment should be reversed, unless the appellate court is satisfied beyond a reasonable doubt the error made no contribution

to the conviction or punishment. TEX. R.APP.P. 81(b)(2). An appellate court should not determine the harmlessness of an error simply by examining whether there exists overwhelming evidence supporting a guilty verdict; rather, the appellate court should calculate as much as possible the probable impact of the error on the jury in light of the existence of the untainted evidence. *Harris v. State*, 790 S.W.2d 568, 587–88 (Tex.Crim. App.1989). To reach such a determination, the appellate court should first isolate the error and all of its effects. *Id.* at 588. Some of the effects that an appeals court should examine include: the source of the error, the nature of the error, whether or to what extent it was emphasized by the State, its probable collateral implications, consideration of how much weight a juror would probably place upon the error, and whether declaring the error harmless would encourage the State to repeat it with impunity. *Id.* at 587. Second, the appellate court should ask whether a rational trier of fact might have reached a different result if the error and effects had not resulted. *Id.* at 588. Applying these standards, the appeals court must be cognizant that overwhelming evidence can be a factor to be considered. *Id.* However, if the error was of a magnitude that it disrupted the juror's orderly evaluation of the evidence, no matter how overwhelming the evidence might have been, then the conviction is tainted. *Id.*

■■■ The error was the admission of appellant's confession letter into evidence and the reading of it to the jury. The letter was not admissible for lack of proof of authenticity. During jury argument, the State mentioned the incriminating letter in both the guilt/innocence and punishment phases of trial, but did not harp on it. Appellant's attorney had previously argued that the requisite intent was not demonstrated by the State, although conceding that "something happened that Mr. Williams was involved with and something happened that Mr. Williams was there." In essence, appellant's counsel admitted before the jury that appellant committed the act, but that it was done without the required element of intent. Because the confession letter did no more than admit the conduct while denying intent based on appel-

lant's alcohol addiction, it presented no conflict with appellant's defense.

Declaring the error harmless will not encourage the State to repeat it with impunity. There is no evidence of police misconduct; appellant voluntarily wrote or authorized somebody to write the letter. Furthermore, it does not appear from the record that the State's conduct was intended to circumvent trial court procedure; it was the trial court's erroneous ruling that allowed the introduction of the letter.

The overwhelming evidence, which may be a factor, includes the in-court identification of appellant by the victim, an eyewitness placing appellant on the morning of the robbery near the scene of the crime, appellant's fingerprint obtained from a beer can found near the recovered stolen pickup truck, appellant's written confession given to the sheriff's investigators, and appellant's revelation of the whereabouts of the stolen shotgun and cooler caddy. In light of the other evidence, the probable impact of the tainted evidence on the jury's deliberations was minimal, and a rational trier of fact would not have reached a different result.

Accordingly, we hold that the error in admitting appellant's confession letter without a showing that appellant wrote it was harmless beyond a reasonable doubt. We overrule appellant's first point of error.

### Improper Jury Arguments

Appellant's second and third points of error assert that it was improper during the State's final jury arguments on punishment to make certain statements regarding (1) parole and (2) the amount of time the appellant would serve.

The jury found appellant guilty of aggravated robbery. During the final arguments at the punishment phase of the trial, the prosecutor stated:

There's one thing I want to clear up with you so you understand fully that's in the charge. The charge says that the defendant basically must serve one half of the sentence that he is assessed. It also says that is not more than thirty years. Under

Texas law all sentences are computed at sixty years. So even though the jury may assess a sentence of 99 years or 75 years or sixty years it's still computed at 60. So if you assess a sentence of 99 or you assess a sentence of 75, for court purposes and parole purposes it's computed at sixty years. There's no such thing as a sentence over sixty years as far as the parole board is concerned. What the law says, any sentence up to 60 years the defendant must serve one half of.

So technically he would have to serve 30 years here. If you gave him 75 he'd still have to serve 30. If you gave him 99 he'd still have to serve 30 years.

There's also a provision, so that you're not confused there, that if you give him four years or less he still has to serve two years. So you would not be confused in that aspect I want to make that very clear to you. Basically the law says you've got to serve half of your sentence before you're eligible for parole and that half is computed on not more than 60 years.

The State argues appellant waived error, if any, by failing to make a proper, clear and timely objection. TEX.R.APP.P. 52(a); *Penry v. State*, 903 S.W.2d 715, 764 (Tex.Crim.App. 1995).

 The proper method of preserving error for review in cases of prosecutorial misconduct is to object on specific grounds, request an instruction that the jury disregard the comment, and move for a mistrial. *Cook v. State*, 858 S.W.2d 467, 473 (Tex.Crim. App.1993). An exception exists when prosecutorial argument is so prejudicial that an instruction to disregard the argument could not cure the harm. *Harris v. State*, 784 S.W.2d 5, 12 (Tex.Crim.App.1989). In such an instance, neither a timely objection nor an adverse ruling is required to preserve error for review. *Id.* This Court has previously characterized this exception as applying to an argument clearly calculated to inflame the minds of the jurors and of such character as to suggest the impossibility of withdrawing the impression produced on the juror's mind. *Rodriguez v. State*, 646 S.W.2d 539, 543 (Tex. App.—Houston [1st Dist.] 1982, no pet.).

In this case, appellant did not object to the prosecutor's jury argument regarding parole and amount of time appellant would serve. Assuming, *arguendo*, that the argument was erroneous, the prosecutor's comments did not rise to a level that any prejudice could not have been cured by a trial court's instruction to disregard. Consequently, appellant's failure to object to the prosecutor's argument waives any right to complain of these matters on appeal. We overrule appellant's second and third points of error.

### Conclusion

We affirm the trial court's judgment.