**Larry GOHRING, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–96–104 CR.**

Court of Appeals of Texas, Beaumont.

Submitted Nov. 20, 1997.

Decided March 18, 1998.

Steve Hebert, Steve Hebert and Associates, Baytown, for appellant.

Michael R. Little, Dist. Atty., Steve Greene, Asst. Dist. Atty., Liberty, for State.

Before BURGESS, STOVER and HILL,[1] JJ.

## OPINION

HILL, Justice (Assigned).

Larry Gohring appeals his conviction by a jury of two counts of aggravated sexual assault of a child and three counts of indecency with a child. The jury assessed his punishment at twenty years' confinement in the Texas Department of Criminal Justice, Institutional Division and a $10,000 fine for his conviction under count one; ten years' confinement under count two; twenty years' confinement under count three; ten years' confinement under count four; and five years' confinement under count five. Gohring contends in seven points of error that the trial court abused its discretion when it granted a reporter's motion to quash her subpoena and that the trial court erred in: (1) receiving prejudicial hearsay testimony from prosecution witness Sandra Taylor over his timely objection; (2) receiving prejudicial hearsay testimony from witness Marie Woods Petite, over his timely objection; (3) receiving prejudicial hearsay testimony from witness Eunice Contrares over his timely

---

1. The Honorable John Hill, sitting by assignment pursuant to Tex. Gov't Code Ann. § 74.003(b) (Vernon 1988).

objection; (4) failing to sustain his motion to quash the charging instrument because it appears the offense was barred by limitations; and (5) failing to comply with art. 4495b, § 5.08(g)(10), TEX.REV.CIV. STAT. ANN. The State, in a single cross-point of error, urges that the trial court erred in failing to instruct the jury that the burden of proof on the issue of limitations was by a preponderance of the evidence.

We affirm for the reasons set forth in this opinion.

■ Gohring asserts in point of error three the trial court erred in receiving prejudicial hearsay testimony from Marie Renee Woods Petite. Petite testified she is a drama therapist and had been employed in that capacity for thirteen years. She said she has a master's degree from New York University in drama therapy, had post master's training, and is a registered play therapist. Petite indicated that in April 1992 while working under the supervision of Dr. Martha Kennedy, a licensed psychologist, the Children's Protective Services (CPS) office in Liberty assigned her to be a therapist for one of Gohring's daughters, C.G. Petite said she saw C.G. for six sessions and that in talking with C.G. about the alleged abuse, her purpose was to provide psychological treatment for C.G. Petite testified C.G. told her that she had been sexually abused by her father.

TEX.R.CRIM. EVID. 803(4) provides that statements made for purposes of medical diagnosis or treatment are not excluded by the hearsay rule, even though the declarant is available as a witness.

In the case of this witness, we hold the trial court did not err in admitting this evidence under Rule 803(4) because it would be a reasonable inference that C.G., who was a high school student, would have understood she was seeing Petite for the purpose of medical treatment in connection with the abuse, and that C.G.'s statements to Petite were made for the purpose of medical diagnosis or treatment.

Gohring argues Petite was not a "medical person," but the trial court could have reasonably determined from the evidence that Petite, as a drama therapist working under the supervision of a licensed psychologist for the purpose of providing psychological treatment, was a "medical person." In any event, if the statement is made to another for the purpose of medical treatment, the person to whom the statement is made does not necessarily have to be a "medical person." *See* FED.R.EVID. 803(4) advisory committee's note.

■ Gohring also suggests the part of the declaration identifying the abuser should have been excluded, apparently on the basis it is not pertinent to medical treatment of the victim. However, it has been held that such testimony is admissible because it is pertinent to medical treatment of the victim. *Tissier v. State,* 792 S.W.2d 120, 125 (Tex. App.—Houston [1st Dist.] 1990, pet. ref'd) (citing *United States v. Renville,* 779 F.2d 430 (8th Cir.1985)); *see also Castoreno v. State,* 932 S.W.2d 597, 602 (Tex.App.—San Antonio 1996, pet. ref'd); and *Fleming v. State,* 819 S.W.2d 237, 247 (Tex.App.—Austin 1991, pet. ref'd).

Gohring relies upon the case of *United States v. Nick,* 604 F.2d 1199 (9th Cir.1979). In *Nick,* the trial court admitted statements made to a physician by a child who was the victim of sexual assault, but did not allow admission of the child's statement to the physician as to the identity of the assailant. *Id.* at 1201–02. In affirming the defendant's conviction for the offense of sexual assault, the Court held the statement admitted was admissible under Rule 803(4), but was not required to and did not rule on the correctness of the trial court's ruling excluding the child's statement identifying the assailant. *Id.* at 1202. We overrule point of error three.

Gohring contends in point of error four the trial court erred in receiving testimony of a similar nature from Eunice Contrares, the psychotherapist of Gohring's other daughter, J.G. His arguments under this point are the same as in point three. For the reasons discussed in point three, we overrule point of error four.

■ Gohring contends in points of error one and two the trial court erred by allowing Sandra Taylor to give hearsay testimony.

Sandra Taylor, an employee of CPS, testified on the occasion in question she was in intake and investigation and investigated cases of child abuse and opened cases for ongoing services. She indicated if the complaint brought to her attention were a valid complaint, she would look at things in terms of having the children treated either medically or psychologically. She talked to two of Gohring's daughters, C.G. and J.G., both of whom indicated their father had sexually abused them. C.G. was deceased at the time of trial.

Gohring objected to Taylor's statements concerning what his daughters told her about the abuse. The State apparently did not meet the requirements of TEX.CODE CRIM. PROC. ANN. art. 38.072 (Vernon Pamp.1998), which, under certain circumstances, allows the admission of evidence of statements made to others by victims of enumerated offenses, when the victim is twelve years of age or younger.

Rather, the State relies upon TEX.R.CRIM. EVID. 803(4). As previously noted, that rule provides evidence is not excluded by the hearsay rule, even if the declarant is available as a witness, when it is a statement "made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment."

■ "The medical treatment exception to the hearsay rule is based on the assumption that the patient appreciates that the effectiveness of the treatment may depend upon the accuracy of the information provided to the physician." *Fleming*, 819 S.W.2d at 247. While this assumption might be valid where the person to whom the statement is made is a recognized medical professional, there is no basis for such an assumption where, as here, the individual to whom the statement is made is an investigator for CPS, not a recognized medical professional. Even if a part of the witness's duties for the State included the possibility of referral for medical treatment or possible counseling with the child, as suggested by the State, there is no showing the child would have had any appreciation of that fact. Without the child appreciating that any statement made to the witness was for the purpose of medical treatment, there is no basis for the statement having the trustworthiness upon which this exception is based. *See United States v. White*, 11 F.3d 1446 (8th Cir.1993). Consequently, the trial court erred in admitting the testimony because it does not fall within the exception set forth in Rule 803(4).

The State relies upon *United States v. Balfany*, 965 F.2d 575 (8th Cir.1992), and *United States v. DeNoyer*, 811 F.2d 436 (8th Cir.1987), as authority for its assertion that statements made to a social worker are admissible under Rule 803(4). In *DeNoyer,*a five-year-old child's statements to social workers was found admissible by the trial court under both Rule 803(4) and Rule 803(24) of the Federal Rules of Evidence. *DeNoyer*, 811 F.2d at 438. Rule 803(24) provides for the admissibility, under certain circumstances, of statements not covered by any of the other exceptions to the hearsay rule that have an equivalent circumstantial guarantee of trustworthiness. In its discussion, the Court did not say as to which rule it was basing its approval of the trial court's admission of the testimony; it referred to its prior opinion in *United States v. Renville*, 779 F.2d 430, 439 (8th Cir.1985), in which it held that the child's identification of the abuser was pertinent to medical treatment; and it related its approval of a policy allowing, in the case of young child witnesses, the admission of statements made in a more relaxed environment without the possible harm of traumatic courtroom encounter. *DeNoyer*, 811 F.2d at 438.

None of the bases stated by the Court in *DeNoyer*as justification for the trial court's admission of the social workers' testimony supports the conclusion that a statement made to one who appears to be a social worker is admissible under Rule 803(4) where the child making the statement has not been made aware of any medical significance to the interview.

In *Balfany,*the Court held the trial court did not abuse its discretion in admitting into evidence statements concerning abuse made

by an eight-year-old girl to a social worker who testified the information received from the victim was pertinent to diagnosis and treatment of her emotional and psychological injuries. *Balfany,* 965 F.2d at 581. The Court principally relied upon its opinions in *United States v. Provost,* 875 F.2d 172, 176–77 (8th Cir.1989), and *United States v. De-Noyer, supra.* All three of the witnesses whose statements were admitted in *Provost* were either medical doctors or psychologists. *Provost,* 875 F.2d at 176. The real issue in that case appears to be the issue presented in *Renville* as to whether the identity by the declarant of the abuser was pertinent to medical treatment. *Id.* at 176–77. We have previously noted that the Eighth Circuit, in its subsequent opinion in *White,* has held that before such statements made to someone in this witness's position are admissible, the government must show that the victim understood he or she was speaking to a trained professional for the purpose of obtaining diagnosis of, or treatment for, emotional or psychological injuries. *White,* 11 F.3d at 1449–50.

The State relies upon several other opinions, including *Butler v. State,* 892 S.W.2d 138 (Tex.App.—Texarkana 1994, no pet.); *Syndex Corp. v. Dean,* 820 S.W.2d 869, 873 (Tex.App.—Austin 1991, writ denied); *Fleming,* 819 S.W.2d at 237; *Torres v. State,* 807 S.W.2d 884, 886–87 (Tex.App.—Corpus Christi 1991, pet. ref'd); *Macias v. State,* 776 S.W.2d 255 (Tex.App.—San Antonio 1989, pet. ref'd); *In the Interest of L.S.,* 748 S.W.2d 571 (Tex.App.—Amarillo 1988, no pet.); and *Morgan v. Foretich,* 846 F.2d 941 (4th Cir.1988). We find these cases distinguishable because all involve some type of recognizable health professional, such as a physician, nurse, psychologist, or mental health therapist. In those situations, one might reasonably assume, except in some cases involving very young children, that the child understood the statement to such a professional is made for the purpose of medical diagnosis and treatment. A social worker working as an investigator in child abuse cases is not a recognizable health professional in the same way as a physician, nurse, psychologist, or mental health therapist. Consequently, it would not be reasonable to

assume the child would be aware that his or her statement to such a social worker would be for the purposes of medical diagnosis or treatment.

The State refers us to that part of the comment to Rule 803(4) of the Federal Rules of Evidence providing that statements to hospital attendants, ambulance drivers, or even members of the family might be included. We first note the comment says that such statements might be included, not that they are included in all circumstances. We find nothing inconsistent between our holding and the comment because we do not hold such statements might never be admissible, only that they are not admissible in the case of a social worker employed as a child abuse investigator unless there is a showing both that there is a medical care component to the worker's employment and that the declarant is aware of that medical care component.

■ The State urges that because there is authority that would justify the admission of this evidence, the trial court's ruling was within the "zone of reasonable disagreement" and does not constitute reversible error. The State relies upon *Green v. State,* 934 S.W.2d 92, 101–02 (Tex.Crim.App.1996); *Waldie v. State,* 923 S.W.2d 152, 157–58 (Tex. App.—Beaumont 1996, no pet.); *Dillard v. State,* 931 S.W.2d 689, 698–99 (Tex.App.—Dallas 1996, pet. ref'd, untimely filed); and *Williams v. State,* 916 S.W.2d 53, 55–56 (Tex. App.—Houston [1st Dist.] 1996, no pet.). In *Green,* the Court held we are to review the trial court's decision to admit or exclude evidence under an abuse of discretion standard, and that we should not reverse a trial judge whose ruling is within the "zone of reasonable disagreement." *Green,* 934 S.W.2d at 101–02. The additional cases cited by the State make similar holdings. We do not read these cases in such a way as to adopt the State's theory that we must uphold the trial court's erroneous admission of hearsay testimony because a court somewhere has expressed an opinion that the testimony was admissible.

The State suggests Gohring's points of error one and two are multifarious, but even if they are we have chosen to address them.

*See Arnold v. State,* 873 S.W.2d 27, 29, n. 2 (Tex.Crim.App.1993).

■ The State also suggests Gohring's objection at trial was insufficient to preserve error. As the State points out in its brief, however, counsel for Gohring specifically pointed out to the trial court, before the trial court ruled on the hearsay objection, that the testimony was not admissible under Rule 803(4) because the witness was not an emergency room nurse nor a medical care provider. We hold the objection was sufficiently specific to call the trial court's attention to the error and was sufficient to preserve error for review.

■ However, in view of the entire record, including the testimony of other witnesses who testified concerning the abuse, any error in admitting this testimony did not affect Gohring's substantial rights. TEX.R.APP. P. 44.2(b). We overrule points of error one and two.

■ Gohring argues in point of error five the trial court erred in quashing his subpoena for Cindy Horswell, a reporter for the Houston Chronicle. He had subpoenaed Horswell, who earlier had written an article in Texas Magazine concerning the relationship between Gohring and his daughter. The subpoena sought production of the reporter's notes and memos for the article, as well as any copies of all CPS files relating to the daughter and any other family member. The Chronicle and Horswell moved to quash the subpoena, alleging she had no information or knowledge relevant to Gohring's motion for change of venue. The motion stated she had no knowledge of how many people had read the article or of any other issue relevant to a venue hearing. It further said she had no knowledge of the nature or extent of publicity concerning Gohring. The second reason given for quashing the subpoena was that it sought to compel the reporter to reveal confidential sources and unpublished materials concerning her news gathering activities, both of which it alleged were privileged. Horswell attached her affidavit to the motion. In the affidavit, Horswell swore she had no knowledge concerning the amount or nature of publicity concerning Gohring out-side of the article she wrote. Horswell stated she was not familiar with the circulation of the Houston Chronicle in Liberty County, did not have the documents sought, and would not reveal the name of any confidential source.

In his response, Gohring indicates he was seeking Horswell's testimony concerning who had provided her access to the CPS file because he was seeking to show at the venue hearing that there was a conspiracy against him by influential persons or persons in position of power and authority over him. The trial court granted the motion to quash Horswell's subpoena, holding that the information sought by virtue of the subpoena would not be relevant or material to any issue properly before the court.

As we have just indicated, the only fact Gohring proposed to use Horswell's testimony to establish was that there was a conspiracy against him by influential persons or persons in position of power and authority over him. In his motion to transfer, one of the bases Gohring alleged in support of the motion was that there was a dangerous combination against him. Gohring swore in his supporting affidavit there was such a conspiracy of influential citizens against him that he could not get a fair trial in Liberty County. No other affidavit submitted in support of his motion contained a statement that Gohring could not get a fair trial in Liberty County because of any combination or conspiracy of citizens against him. The other affidavits all contained an averment that there existed so great a prejudice in Liberty County against Gohring that he could not obtain a fair and impartial trial in Liberty County.

TEX.CODE CRIM. PROC. ANN. art. 31.03 (Vernon 1989), provides that:

(a) A change of venue may be granted in any felony or misdemeanor case punishable by confinement on the written motion of the defendant, supported by his own affidavit and the affidavit of at least two credible persons, residents of the county where the prosecution is instituted, for either of the following causes, the truth and sufficiency of which the court shall determine:

1. That there exists in the county where the prosecution is commenced so great a prejudice against him that he cannot obtain a fair and impartial trial; and

2. That there is a dangerous combination against him instigated by influential persons, by reason of which he cannot expect a fair trial.

We interpret this article to mean that because Gohring was the only affiant to indicate there is a dangerous combination against him, the only issue at his change of venue hearing would be whether there was so great a prejudice against him in Liberty County that he could not obtain a fair and impartial trial.

Witnesses may contest their being compelled to appear by means of a motion to quash the subpoena. *Coleman v. State*, No. 491–96, 1997 WL 209530, at * 3(Tex.Crim.App. April 30, 1997) (reh'g granted). Having properly applied for the Horswell subpoena, Gohring made a *prima facie* showing of materiality of her testimony. *Id.* at * 4. Horswell was then obligated to come forward with some testimony, either in the form of live testimony or affidavits, in support of her motion. *Id.* Horswell did present an affidavit, which established her testimony was not material to any issue before the trial court. When she did so, the burden shifted to Gohring to show what she would have testified to that would have been material to his defense. *Id.* As previously indicated, the only thing Gohring indicated he wanted her testimony for was to establish who gave her the CPS file so he could establish there was a conspiracy of influential persons or persons in position of power and authority over him. Inasmuch as that issue was not before the court, Gohring failed to meet his burden to show her testimony was material to his defense. Consequently, the trial court did not err in granting the motion to quash.

Gohring relies upon the court of appeals opinion in *Coleman*, because his brief was written before the opinion was issued by the Texas Court of Criminal Appeals. *Coleman v. State*, 915 S.W.2d 80 (Tex.App.—Waco 1996), *aff'd* 1997 WL 209530. We find *Coleman* to be distinguishable. In *Coleman*, the Court held the trial court erred by granting a reporter's motion to quash because there is no reporter's privilege in criminal cases in Texas and because the reporters who brought the motion had presented no testimony, either by affidavit or live testimony. *Coleman*, 915 S.W.2d at 84. In this case Horswell presented an affidavit showing her testimony lacked materiality. At that point the burden fell on Gohring to show materiality, which he failed to do. Given the difference in facts, we rely on *Coleman* in support of this opinion.

Gohring suggests the burden did not shift because Horswell filed an affidavit but did not testify. The witness's showing of lack of materiality may be made by affidavit. *Coleman*, 1997 WL 209530, at * 4. We overrule point of error five.

Gohring contends in point six the trial court erred by failing to sustain his motion to quash the charging instrument because it appears the offense was barred by limitations. Construing the point of error together with its accompanying argument, we interpret it as a contention the evidence is insufficient to establish the offense was committed within the statute of limitations.

The indictment in this case was filed August 10, 1994 and alleged August 23, 1984, as the date of the offense. The statute of limitations for this offense is ten years. Act of June 15, 1991, 72nd Leg., R.S. ch. 565, § 6, 1991 Tex. Gen. Laws 2004 (amended 1995, 1997) (current version at Tex.Code Crim. Proc. Ann. arts. 12.01(2)(D), (5) (Vernon Supp.1998)). The trial court instructed the jury the evidence was sufficient if it established beyond a reasonable doubt that the offense was committed after August 10, 1984 and before August 10, 1994.

In reviewing the legal sufficiency of the evidence to support a conviction, we view the evidence in the light most favorable to support the judgment. *See Narvaiz v. State*, 840 S.W.2d 415, 423 (Tex.Crim.App.1992). The critical inquiry is whether, after so viewing the evidence, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Emery v. State*, 881 S.W.2d 702, 705 (Tex.Crim. App.1994). The only deficiency in the proof

complained of by Gohring relates to the issue of limitations.

The indictment in this case was returned on August 10, 1994. Sandra Taylor testified C.G. told her in 1992 that the sexual abuse committed on her by her father had occurred four or five years previously. Taylor said Gohring told her it happened in 1987.

Brenda Mayne, a psychologist, said Gohring told her his offenses had occurred in 1984, and that in her interview with him they only talked of one incident.

Dr. Ted Krell, a psychiatrist, said his dictated report reflected that in 1992 Gohring told him that during a period of time five or six years previously, during which he used cocaine, he had all three of his younger children fondle him on several occasions.

Marie Petite, the drama therapist, said C.G. told her in 1992 that she had been sexually abused by her father five years previously.

Eunice Contrares, a clinical psychotherapist, indicated J.G. testified she had performed oral sex upon her father, who had requested it on several occasions. She talked of incidents in which he would take three of the children, herself, C.G., and G.G., to a back room. Contrares said J.G. did not recall the date exactly, but placed it as being when she was around the age of ten. J.G. was born in 1979.

Earline Riser testified that she is a marital and family therapist. Riser had a 1993 memo in which she wrote, "Larry has with remorse, full effect, related every detail in his memory of his inappropriate sexual behavior six years ago."

Dr. Michael Dennis Cox, a clinical psychologist and associate professor in the Department of Psychiatry in Behavioral Sciences at Baylor College of Medicine, testified that, according to his records, Gohring indicated he had exposed himself to his three younger children and had exposed himself to C.G. when she was seven or eight. She turned eight on June 22, 1985.

Dr. Gladys Beale–Ganzhorn, who had been C.G.'s physician, stated her records reflected C.G. had told her in 1992 that there had been a history of sexual abuse by her father six years previously.

G.G., the brother of the victims, testified that the event, which he indicated was May 3, 1984, happened, he thought, while he was in the sixth grade at Colbert Intermediate School. He indicated that from that time until he moved out of the house no similar event occurred again to his knowledge. School records showed that Gene attended the sixth grade at that school from August 1984 to May 1985.

Gohring's wife, Cindy, related what happened on May 3, 1984. Cindy said she believed she was attending Midway Baptist Church when this happened. Cindy said she was a charter member of the church and believed it was already formed at that time. Church records reflect Cindy joined the church on December 5, 1984, within a few months of when the church opened.

Susan Heimbaugh, a nurse and marriage and family therapist, testified she had in her file, in her handwriting, a document dated September 27, 1992, that stated, "History of sexual molestation by father and brother six years ago." She said that was not what C.G. told her and she did not know why she put "six years ago."

We hold the evidence is sufficient to establish the offense was not barred by limitations and overrule point of error six. The State contends in a cross-point that the trial court erred by failing to instruct the jury that the burden of proof on this issue is by a preponderance of the evidence rather than by beyond a reasonable doubt. In view of our determination of point six, we need not consider this cross-point.

Gohring argues in point of error seven the trial court erred by failing to comply with Tex.Rev.Civ. Stat. Ann. art. 4495b, § 5.08(g)(10) (Vernon .Pamp.1998), stating that in a criminal prosecution where a patient is a victim, witness, or defendant, certain records are not discoverable until the court makes an in camera determination as to their relevancy. As noted by Gohring, the record does not reflect whether the trial court made such a determination. Also, the record does not reflect Gohring objected to any such

failure on the part of the trial court. Gohring does not contend that any of the records were not material nor any other harm that might have stemmed from such a failure. Nothing is presented for review. *See* TEX. R.APP. P. 33.1(a).

Gohring insists in connection with this point that certain exhibits contained in the court's record were not admitted at trial. He asserts these exhibits were considered by the jury although they were inadmissible. There is nothing in the record reflecting that any such exhibits were considered by the jury. Nothing is presented for review. We overrule point of error seven.

We AFFIRM the judgment.