Affirmed and Memorandum Opinion filed December 18, 2003















Affirmed and
Memorandum Opinion filed December 18, 2003.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NOS. 14-02-01224-CR

           14-02-01225-CR

           14-02-01226-CR

           14-02-01227-CR

____________

 

PEDRO DIAZ, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

___________________________________________________

 

On Appeal from
the 262nd District Court

Harris County, Texas

Trial Court
Cause Nos. 911394, 911395, 919051 & 919050

 

___________________________________________________

 

M E M O R A
N D U M   O P I N I O N

            Appellant, Pedro Diaz, pleaded
guilty to two counts of aggravated kidnapping and two counts of aggravated
robbery and “not true” to the corresponding aggravated assault
enhancements.  A jury found appellant
guilty, the enhancement allegations to be true, and assessed punishment at four
life sentences.  The trial court ordered
the sentences served concurrently, and assessed a fine of $10,000 in each case.  Appellant challenges his 

 class=Section2>

convictions
on the following grounds: (1) the trial court erred in admitting into evidence
a letter authored by appellant; (2) appellant received ineffective assistance
of counsel; and (3) the State committed fundamental error by improperly
applying parole law to appellant during its closing argument.  We affirm.

I.  Factual Background

            On April 24, 2002, while Peggy Hannsz
was delivering items to an unoccupied house owned by a friend, appellant and Josue Delgado confronted her, pointing a shotgun at
her.  They taped Peggy’s hands and feet
with duct tape[1] and
forced her to lie down in the back of her vehicle.  Appellant then drove Peggy’s truck to various
locations around the city of Houston,
purchasing items with Peggy’s credit cards and cash withdrawn from her bank
account.  Throughout the ordeal appellant
and Delgado repeatedly threatened to harm Peggy if she refused to cooperate.  Ultimately, Peggy was able to escape by going
into a ladies’ restroom at a department store where appellant and Delgado had
stopped to purchase clothes.  Peggy told
a store employee of her circumstances and the employee called police.  Appellant entered the ladies’ restroom and
attempted to force Peggy to leave with him, but she refused.  Eventually, appellant left the store, driving
away in Peggy’s truck. 

            Two days later, on April 26, 2002, appellant
and another man, nicknamed “Ice,” broke into Laurie McDonald’s home and pointed
a shotgun at her.  Appellant forced
Laurie to lie on her stomach, tied her hands behind her back with cable, and
placed a towel over her head. While one man guided Laurie from her home to her
vehicle, the other held the shotgun to her head.  Appellant drove Laurie’s car to a bank and
attempted to withdraw money from her account using her ATM card; however, the
machine kept the card and they drove off. 
Laurie then offered to write a check and cash it at the bank.  Appellant’s accomplice untied Laurie’s hands,
allowing her to drive so as to appear natural. 
While waiting in line at the drive-

 class=Section3>

through,
Laurie was able to escape from the car. 
Appellant was later arrested and charged with the aggravated kidnapping
and aggravated robbery of both Peggy and Laurie.

II.  Discussion

A.  Admission of Appellant’s
Letter

 

            In his first issue, appellant
contends the trial court erred by admitting into evidence an eight-page letter
written by appellant while in custody, and sent to a juvenile in the custody of
the Texas Youth Commission. Specifically, appellant argues the letter should
have been excluded under Texas Rule of Evidence 403 because the probative value
of the letter was substantially outweighed by its prejudicial effect on the jury.  The State contends appellant failed to
preserve error and, alternatively, the letter’s probative value was not
substantially outweighed by its prejudicial effect. 

            In the letter, appellant discussed
the subject offenses, including his arrest, and other crimes he claimed to have
committed with “Iceman.”  Appellant also
discussed how the subject offenses had resulted in the use of a “tougher D.A.,”
which he interpreted to mean he is “rollin with the
big boyz.” 
Appellant described his involvement in the robberies, stating:

I tried to put in work but I had nothing but scared ass punks. I just
needed someone to come along[. A]ll of them even tell you they were scared[.]  I always the one to go first & make sure
the area was clear[,] house or store;  I basically did everything but I always split
even just for coming & all they do come along[.]  I load up the s--- & tie them up &
all.  I was comfortable just when I had
someone with me.  They were even scared
to come along or hold a 410 shotgun, rifle; 380, 32 handgun.  I was about to stop cause I had the feeling
some s--- was going to happen like this. 
But I didn’t have the chance to; I was going to chill on the serious
& take the s--- serious by doing it right with the down ass laws.  I just hope y’all don’t make the same mistake
I did by not taking it serious. . . . I made the mistake so I ain’t tripping about paying the due[.]  I just hope it’s no more then 15 years
straight cause I sign for no more [than] 20[. 
I]f they try to force me, you all going hear
about how I acted a fool in court on all the people I assaulted including the
Judge and DA.  

 

 

 

 class=Section4>

            At trial, appellant objected to admission of the letter
based on its relevancy and stating further, “Rule 403.”[2]  See Tex. R. Evid.
403.  The State argues appellant
failed to preserve error on his Rule 403 argument, because he did not
specifically object to those portions of the letter he deemed inadmissible. We
agree.  When an exhibit contains both
admissible and inadmissible evidence, the objection must specifically refer to
the challenged material to apprise the trial court of
the precise objection.  Sonnier v. State, 913 S.W.2d
511, 518 (Tex. Crim. App. 1995).  In those instances, when an exhibit contains
both admissible and inadmissible evidence, a trial court may “safely admit it
all or exclude it all, and the losing party, no matter who he is, will be made
to suffer on appeal the consequences of his insufficiently specific offer or
objection.”  Jones v. State, 843 S.W.2d 487, 492 (Tex. Crim.
App. 1992), abrogated on other grounds by
Maxwell v. State, 48 S.W.3d 196 (Tex. Crim. App.
2001). 

            Moreover, appellant’s objection was also too general to
preserve error because he failed to identify any specific Rule 403 grounds for
excluding the evidence.  See Phelps v. State, 999 S.W.2d 512, 520
(Tex. App.—Eastland 1999, pet. ref’d) (finding
appellant waived his Rule 403 objection because it was too general); Williams v. State, 930 S.W.2d 898, 901
(Tex. App.—Houston [1st Dist.] 1996, writ ref’d)
(same).  Rule 403 provides that evidence,
although relevant, may be excluded if its probative value is outweighed “by the
danger of unfair prejudice, confusion of the issues, or misleading the jury, or
by considerations of undue delay, or needless presentation of cumulative evidence.”  Tex.
R. Evid. 403. 
Because Rule 403
provides five distinct grounds for excluding otherwise relevant evidence, a
defendant must specify which of the five grounds is applicable.  Phelps,
999 S.W.2d at 520; Williams,
930 S.W.2d at 901.  Otherwise, a trial
judge is forced to determine which of the 

 class=Section5>

grounds to rule on.  See
Williams, 930 S.W.2d at 901.  Here, because appellant’s general
objection failed to specify the applicable grounds, he waived the Rule 403
objection.  

            Regardless, even if appellant’s objection
had been sufficiently specific, we would conclude the probative value of the
letter is not substantially outweighed by its prejudicial effect.  We begin by noting that there is a
presumption that relevant evidence is more probative than prejudicial.  Santellan v. State, 939 S.W.2d
155, 169 (Tex. Crim. App. 1997).  Further, the admissibility of evidence under
Rule 403 is within the trial court’s discretion and is reviewed only for an
abuse of that discretion.  Jones v. State, 944
S.W.2d 642, 652 (Tex. Crim. App. 1996).  To determine whether the admission of
evidence constitutes an abuse of discretion under Rule 403, our analysis
includes, but is not limited to, the following factors: (1) the probative value
of the evidence; (2) the evidence’s potential to impress the jury in some
irrational, but nevertheless indelible way; (3) the time the proponent needs to
develop the evidence; and (4) the proponent’s need for the evidence.  Reese v. State, 33 S.W.3d 238, 240–41 (Tex. Crim. App. 2000).

            At the punishment phase, the
circumstances of the offense and of the defendant himself are admissible.  Murphy v. State, 777 S.W.2d 44, 63 (Tex. Crim.
App. 1988); Henson v. State, 794
S.W.2d 385, 396 (Tex. App.—Dallas 1990, writ ref’d).  One circumstance of the defendant is his
character.  Murphy, 777 S.W.2d at 63. 

            The letter at issue contains
numerous admissions and provides insight into the appellant’s attitude about
committing these crimes, as well as directing others to participate.  Also, it is replete with evidence
demonstrating appellant’s character.  It
provided the jury with an opportunity to learn more about appellant’s motives
and plans.  For example, in the letter,
appellant spoke candidly about his thoughts and feelings pertaining to the
instant offenses and cautioned the young recipient of the letter, “don’t make the same mistake I did by not taking it
serious.”  Further, we agree with the
State’s assertion, that it needed the letter as evidence of appellant’s
character, the circumstances surrounding the offense, and the degree of
appellant’s culpability. 

            Also, although eight witnesses were
utilized to admit the letter into evidence, their testimony was relatively
short and was required to establish the authenticity of the letter to make it
properly admissible.  See Williams v. State, 916 S.W.2d 53, 55
(Tex. App.—Houston [1st Dist.] 1996, no writ) (holding incriminating letter
improperly admitted because it was not properly authenticated).  Finally, we note that appellant concedes the
probative value of the letter weighs in favor of the State and that it was
relevant to show the results and foreseeable consequences of appellant’s
actions and “violent and vicious nature.”

            Based on the foregoing, we find the
trial court did not abuse its discretion in finding the letter’s probative
value was not substantially outweighed by the danger of unfair prejudice.
Accordingly, we overrule appellant’s first point of error.

B.  Ineffective Assistance of Counsel

            Appellant contends in his second
issue that he received ineffective assistance of counsel during the punishment
phase of trial because counsel failed to object to both (1) the State’s closing
remarks and (2) the imposition of four life sentences and assessed fines as
cruel and unusual punishment under the Eighth Amendment of the United States
Constitution.  

            Specifically, appellant claims remarks made during the
State’s closing argument were an impermissible application of parole law to
appellant.  In his closing, the
prosecutor commented as follows: 

I have never enjoyed standing up here and asking for a long sentence or
worse.  It’s not something I enjoy, but I
submit to you for the protection of the rest of the community, this man needs a
life sentence.  You know the irony of
it?  The irony of it is someday he will
get out and he will probably be younger than Mr. Cornelius and myself.  That’s 

 class=Section6>

saying something about our age, ladies and gentlemen.  This young man here, you need to fear.  Fear him. 
A person not only does hijacks at the point of a shotgun, sticks shotguns
in women’s faces, but goes into homes. 

 

            The standard for appellate review of
the effectiveness of counsel is dictated by the two-pronged test of Strickland v. Washington, 466 U.S. 668
(1984).[3]  Under the first prong, appellant must show
that his counsel’s performance was deficient. 
Strickland, 466 U.S. at
687.  Specifically, appellant must prove
by a preponderance of the evidence that his counsel’s representation fell below
the objective standard of professional norms. 
Bone v. State, 77 S.W.3d 828,
833 (Tex. Crim. App. 2002). 
Under the second prong, appellant must show that this deficient
performance prejudiced his defense, that is, he must show a reasonable
probability that, but for his counsel’s errors, the result of the proceeding
would have been different.  Mitchell v. State, 68
S.W.3d 640, 642 (Tex. Crim. App. 2002).  A reasonable probability is one sufficient to
undermine confidence in the outcome.  Id.  There is a strong presumption that counsel’s
conduct fell within the wide range of reasonable professional assistance.  Bone,
77 S.W.3d at 833.

            To defeat the strong presumption of
reasonable professional assistance, “‘any allegation of ineffectiveness must be
firmly founded in the record, and the record must affirmatively demonstrate the
alleged ineffectiveness.’”  Thompson v. State, 9 S.W.3d 808, 814
(Tex. Crim. App. 1999) (quoting McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim.
App. 1996)).  When there is no evidence
of counsel’s reasons for the challenged conduct, an appellate court presumes a
strategic motivation if one can be imagined, and will not conclude that
counsel’s action was deficient unless the conduct was so outrageous that no
competent attorney would have engaged in it. 
Garcia v. State,
57 S.W.3d 436, 440 (Tex. Crim. App. 2001); Thompson, 9 S.W.3d at 814.

            Here, there is nothing in the record
that assists appellant in overcoming the presumption that counsel’s conduct was
reasonable and professional.  There was
neither a motion for new trial filed nor a petition for writ of habeas corpus,
either of which would help to explain trial counsel’s actions; therefore, we
must presume that counsel had a plausible reason for his actions.  See Freeman v. State, No. 2156-01, slip op. at ___,
2003 WL 22510582, at *1 (Tex. Crim. App. Nov. 5,
2003); Safari v. State, 961
S.W.2d 437, 445 (Tex. App.—Houston [1st Dist.] 1997, pet. ref’d);
see generally Mitchell, 68 S.W.3d at
642 (stating that a writ of habeas corpus is the appropriate vehicle to
investigate ineffective assistance of counsel claims).  

            In sum, appellant failed to
establish that his trial counsel’s representation fell below the objective
standard of professional norms. 
Accordingly, we overrule appellant’s second issue.

C.  Fundamental Error

            In his third issue, appellant
contends the State’s closing remarks, discussed above, amount to fundamental
error and thus, no objection was required at trial.  To support this contention, appellant cites
to Clay v. State, 741 S.W.2d 209, 210
(Tex. App.—Dallas 1987, writ ref’d).  However, although formerly an appellant could
complain of unobjected to improper argument if the
argument was so egregious that its harm could not be cured by an instruction to
disregard, this is no longer the rule.  Simmons v. State, 100
S.W.3d 484, 495 (Tex. App.—Texarkana 2003, pet. ref’d).  Now, before complaining on appeal about an
erroneous jury argument, an appellant must show that he timely and properly
objected to the argument and pursued the objection to an adverse ruling.  Cockrell v. State, 933 S.W.2d 73, 89 (Tex. Crim.
App. 1996); Simmons, 100 S.W.3d at
494–95.  Here, even assuming for
the sake of argument that the State’s remarks were improper, appellant did not
object to the State’s argument and therefore has waived any alleged error.[4]  Accordingly, we overrule his third issue.

            For the foregoing reasons,
appellant’s conviction is affirmed.

 

                                                                        /s/        Eva M. Guzman

                                                                                    Justice

 

Judgment
rendered and Memorandum Opinion filed December 18, 2003.

Panel
consists of Justices Edelman, Frost, and Guzman.

Do Not
Publish — Tex. R. App.
P. 47.2(b).

 











            [1]  At one point, appellant removed the duct tape
from Peggy’s hands and accidentally cut her hand open, a wound requiring six
stitches. 

 





            [2]  In his appellate brief however, appellant concedes the letter is relevant
and argues only that it should have been excluded under Rule 403.  Accordingly, we limit review to that
argument.  See Tex. R. App. P. 38.1;
see generally Phagan
v. State, 510 S.W.2d 655, 659 (Tex. App.—Fort Worth 1974, writ ref’d n.r.e.) (holding
because appellant failed to brief and argue a point, it is waived and he is not
entitled to have it considered on appeal).





            [3]  The Strickland
test was held applicable to reviewing ineffective assistance claims at the
punishment phase of a non-capital offense in Hernandez v. State, 988 S.W.2d 770, 770 (Tex. Crim.
App. 1999). 





            [4]  Even assuming appellant preserved any error, Clay v. State is clearly distinguishable
because there the prosecutor misstated the law as outlined in the jury charge
by informing the jury they could consider how parole law applied to the
defendant.  These are not the
circumstances before us.  Here, the State
merely made a plea for law enforcement or responded to council’s accusations
that the prosecutor did not consider appellant a human being.  The prosecutor’s statements did not request
the jury consider parole as it applied to appellant.