In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-03-081 CR


____________________



SAM WADE CANNON, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 410th District Court


Montgomery County, Texas


Trial Cause No. 03-01-00118-CR






MEMORANDUM TO CLERK


 You are directed to make the following correction in the opinion dated February 4,
2004:

 On page 1, in the first and second paragraphs, change the name Wade to Cannon.

 You will give notice of the correction of the original opinion by sending a copy of the
corrected page 1, accompanied by this memorandum, to all interested parties who received
a copy of the original opinion.

 Entered this the 24th day of February, 2004.

 PER CURIAM

In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-03-081 CR


____________________



SAM WADE CANNON, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 410th District Court


Montgomery County, Texas


Trial Cause No. 03-01-00118-CR






MEMORANDUM OPINION


 A jury convicted Sam Wade Cannon of sexual assault of a child and assessed
punishment at four years' confinement in the Texas Department of Criminal Justice,
Institutional Division, plus a $10,000 fine. Cannon appeals raising three issues.

 In his first issue, Cannon contends the trial court erred in admitting expert witness
testimony concerning "grooming." It is Cannon's position that because "grooming" was not
specifically addressed in the hearing conducted outside the jury's presence, the State failed
to establish the testimony met the requirements of Nenno v. State, 970 S.W.2d 549, 560 (Tex.
Crim. App. 1998), overruled on other grounds by State v. Terrazas, 4 S.W.3d 720, 727
(Tex. Crim. App. 1999).

 Victor Love, the director of Youth and Family Services for Montgomery County
Youth Services, without objection, explained to the jury the concept of "grooming." Further
on, trial counsel objected "to the entire testimony pursuant to the previous objection under
Rule 702 and 703 Texas Rules of Evidence." Several questions later, Love was asked if the
victim's behavior was consistent with being groomed. No objection was lodged. Following
other testimony, Love was asked about other sexual encounters between Wade and the victim. 
Trial counsel objected to the testimony as hearsay and was overruled. Love then testified as
to other incidents he characterized as "grooming."

 Appellate counsel claims "[a]n appropriate objection was made and denied by the
Court" but provides no record references. See Tex. R. App. P. 38.1(h). Our review does
not reveal any objection that would have apprized the trial court of the complaint presented
on appeal, i.e. that the State failed to lay the proper predicate for Love's testimony.
Accordingly, nothing is presented for our review. See Tex. R. App. P. 33.1. Issue one is
overruled.

 Issue two argues the trial court erred in admitting expert witness testimony regarding
"acting out." Following the hearing outside the jury's presence, the trial court excluded any
opinion the victim was "acting out." However, the court ruled it would allow Love to testify
about studies indicating "a correlation between acting out by a victim of a sex offender, acting
out, recreating the same offense." Trial counsel then sought clarification that the testimony
was being admitted under Rule 701. The trial court responded, "Okay." When Love
testified before the jury, trial counsel objected only under Rules 702 and 703.

 Without objection, Love explained to the jury the concept of "acting out." Further on,
trial counsel objected "to the entire testimony pursuant to the previous objection under Rule
702 and 703 Texas Rules of Evidence." Several questions later, Love was asked if the
victim's behavior was consistent with acting out. No objection was made. Our review does
not reveal any objection that would have informed the trial court of the complaint presented
on appeal, i.e., that the proper predicate as to the reliability of such evidence had not been
laid by the State. Accordingly, nothing is presented for our review. See Tex. R. App. P.
33.1. Issue two is overruled.

 Cannon's final issue claims the trial court erred in admitting hearsay evidence of
extraneous offenses. Love was permitted to testify about other encounters between the victim
and Cannon, as told to Love by the victim. Appellate counsel argues the statements were not
obtained and used for the purpose of medical diagnosis and treatment and therefore do not
fall within the purview of Tex. R. Evid. 803(4). In Gohring v. State, 967 S.W.2d 459, 461
(Tex. App.--Beaumont 1998, no pet.), we held the trial court did not err in admitting 
testimony from a drama therapist under Rule 803(4) because it would be a reasonable
inference that the victim, who was a high school student, would have understood she was
seeing the therapist for the purpose of medical treatment in connection with the abuse, and
that the victim's statements to the therapist were made for the purpose of medical diagnosis
or treatment. Likewise, in Puderbaugh v. State, 31 S.W.3d 683, 685 (Tex. App.--Beaumont
2000, pet. ref'd), we held statements made to a clinical social worker were admissible under
Rule 803(4) where it had been conveyed to the victim that the reason for seeing the social
worker was to get help with her emotional problems, they discussed the importance of telling
the truth, and the victim understood the difference between telling the truth and telling a lie. 
In Wilder v. State, 111 S.W.3d 249, 256-57 (Tex. App.--Texarkana 2003, pet. ref'd), the
court found statements made to a licensed professional counselor admissible under Rule
803(4) because it was reasonable to infer the victim understood she was receiving therapy for
purposes of medical treatment in connection with the abuse and that her statements to the
counselor were for purposes of medical diagnosis and treatment. 

 Love testified he has been treating the victim since March of 2002 and on average has
seen him once a week. Love began working with the victim in individual and family sessions
from March until mid-August when those sessions were reduced to approximately once a
month and weekly group therapy was added. The victim was referred to Love for committing
sexual assault. Love testified the victim was very open to discussing, owning up to, and
holding himself accountable for the behavior for which Love was treating him. 

 We find it would be a reasonable inference that the victim, who was fourteen at the
time, understood he was seeing Love to get help and that his statements to Love were made
for the purpose of medical treatment. See Gohring, 967 S.W.2d at 461; Puderbaugh, 31
S.W.3d at 685. Issue three is overruled.

 The judgment of the trial court is AFFIRMED.


 ________________________________

 DON BURGESS

 Justice


Submitted on January 2, 2004 

Opinion Delivered February 4, 2004

Do not publish 


Before McKeithen, C.J., Burgess, and Gaultney, JJ.