**Opinion filed September 30, 2016**



In The

# Eleventh Court of Appeals

_____

## No. 11-15-00227-CV

_____

## IN THE MATTER OF C.B.L., A JUVENILE

**On Appeal from the County Court at Law**
**Midland County, Texas**
**Trial Court Cause No. 6548**

## M E M O R A N D U M   O P I N I O N

The jury found that C.B.L., a juvenile, engaged in delinquent conduct because he committed the offense of aggravated sexual assault of a child.[1]  The trial court found that disposition was necessary, and it committed C.B.L. to the Texas Juvenile Justice Department for an indeterminate period of time, not to exceed his nineteenth birthday.  In a single issue on appeal, Appellant asserts that the trial court abused its discretion and committed reversible error when it allowed a counselor to testify as

---

[1]*See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(i), (a)(2)(B), (f)(1) (West Supp. 2016).

to hearsay statements that C.A.[2] made to the counselor during a counseling session. We affirm.

## I.  *The Charged Offense*

The State petitioned to have the trial court find that Appellant had engaged in delinquent conduct when he committed aggravated sexual assault of a child by intentionally or knowingly causing the sexual organ of C.A., a child younger than six years of age, to be penetrated by Appellant's penis.  A person commits the offense of aggravated sexual assault if he intentionally or knowingly "causes the penetration of the anus or sexual organ of a child by any means" and the victim is younger than fourteen years of age.  PENAL § 22.021(a)(1)(B)(i), (a)(2)(B).

## II.  *Evidence at Trial*

At the time of the offense, Appellant was fourteen years old, and C.A. was four years old.  Appellant and C.A. both attended classes at the Grace Education Co-Op, a facility that provided supplemental education classes for home-schooled children.  C.M., a student at the facility, saw Appellant and C.A. enter the science room and remain in the room alone for approximately five minutes.  C.A.'s sister, eight-year-old L.A., testified that, when she walked into the science room, she saw Appellant pulling up C.A.'s pants.  Appellant was on his knees behind C.A., and he told L.A. to keep what she had seen a secret.

Two days later, C.A.'s mother, K.A., overheard her children talking about an incident between Appellant and C.A.  K.A. heard L.A. say, "[T]hat was when [Appellant] was pulling [C.A.'s] pants up."  Concerned about what she had heard, K.A. separated the children and asked C.A. privately about the statement.  C.A. told her mother that she and Appellant were in the science room alone when Appellant pulled down her pants and underwear, pulled out his penis through his zipper, stood

---

[2]C.A. is a pseudonym used to refer to the victim in this case.

behind her, and inserted his penis into her "private." C.A. testified that "it hurt" and that she did not tell anyone about the assault because it was a secret.

K.A. reported the assault to the police. Donna Doyle, a Sexual Assault Nurse Examiner at Midland Memorial Hospital, examined C.A. and found a healed cut on C.A.'s posterior fourchette; the healed cut was consistent with an injury from a sexual assault.

C.A. also participated in counseling sessions with Maura Jarldane, a therapy director at the Midland Rape Crisis Center and Children's Advocacy Center. Jarldane is also a licensed professional counselor and a certified trauma-focused behavioral therapist. During the counseling sessions with Jarldane, C.A. told her that Appellant put his "private into her private" and that it "hurt." Defense counsel objected to Jarldane's recitation of C.A.'s statements as inadmissible hearsay. The trial court overruled defense counsel's objection and allowed Jarldane to repeat what C.A. had told her.

Appellant testified in his own behalf, and he denied that he was in the science room alone with C.A. He also denied that he sexually assaulted C.A.

## III. *Standard of Review*

We review a trial court's decision to admit evidence under an abuse of discretion standard. *Martin v. State*, 173 S.W.3d 463, 467 (Tex. Crim. App. 2005) (citing *Sauceda v. State*, 129 S.W.3d 116, 120 (Tex. Crim. App. 2004)). A trial court abuses its discretion when its ruling falls outside the zone of reasonable disagreement. *Johnson v. State*, 490 S.W.3d 895, 908 (Tex. Crim. App. 2016). A trial court's evidentiary ruling will be upheld if it is "correct under any applicable theory of law." *Id.*

## IV. *Analysis*

Appellant argues that C.A.'s hearsay statements repeated by Jarldane were inadmissible because they did not fall under the medical diagnosis or treatment

exception. As we explain below, we agree with Appellant that C.A.'s hearsay statements were not admissible under the medical diagnosis or treatment exception because the State did not meet the burden articulated in *Taylor v. State*[3] for admission of those statements. But we also agree with the State that any error, which was a nonconstitutional one, was harmless.

A. *The trial court abused its discretion when it allowed Jarldane to repeat what C.A. had told her about Appellant and his actions because C.A.'s statements were not admissible under the medical diagnosis or treatment exception to the hearsay rule.*

Hearsay is an out-of-court statement offered to prove the truth of the matter asserted and is inadmissible unless an exception applies. TEX. R. EVID. 801(d), 802. One exception is the medical diagnosis or treatment exception, Rule 803(4), which applies to hearsay statements "made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment." *Taylor*, 268 S.W.3d at 579; *see* TEX. R. EVID. 803(4).

Texas courts have allowed nonphysicians to testify under this exception. *See, e.g.*, *Taylor*, 268 S.W.3d at 588 (licensed professional counselor); *Horner v. State*, 129 S.W.3d 210, 219 (Tex. App.—Corpus Christi 2004, pet. ref'd) (medical social worker); *Wilder v. State*, 111 S.W.3d 249, 255–56 (Tex. App.—Texarkana 2003, pet. ref'd) (licensed professional counselor); *Puderbaugh v. State*, 31 S.W.3d 683, 685 (Tex. App.—Beaumont 2000, pet. ref'd) (clinical social worker); *Gohring v. State*, 967 S.W.2d 459, 461 (Tex. App.—Beaumont 1998, no pet.) (drama therapist working under the supervision of a licensed psychologist); *Moyer v. State*, 948 S.W.2d 525, 527–28 (Tex. App.—Fort Worth 1997, pet. ref'd) (paramedic);

---

[3]*Taylor v. State*, 268 S.W.3d 571, 578–79 (Tex. Crim. App. 2008); *see also* TEX. R. EVID. 802, 803(4).

*Macias v. State*, 776 S.W.2d 255, 258–59 (Tex. App.—San Antonio 1989, pet. ref'd) (psychologist).

The crucial issue under Rule 803(4) is whether an out-of-court statement was reasonably pertinent to medical diagnosis or treatment. *Gregory v. State*, 56 S.W.3d 164, 183 (Tex. App.—Houston [14th Dist.] 2001, pet. dism'd). This particular hearsay exception permits the admission of certain statements when the proponent shows that the declarant made the statements for the purpose of obtaining a medical diagnosis or treatment and that the diagnosis or treatment depended on the truthfulness of the statement made. *See Swofford v. State*, Nos. 12-14-00081-CR, 12-14-00082-CR, 2015 WL 7019762, at *2 (Tex. App.—Tyler Nov. 12, 2015, no pet.) (mem. op., not designated for publication). The record must reflect that the statements are pertinent to the declarant's medical diagnosis or treatment and are truthful, i.e., a medical provider can reasonably rely on the information contained in the statements. *Id.*; *see also Taylor*, 268 S.W.3d at 591. And if the identity of the perpetrator was part of the hearsay information disclosed, then the mental health professional must outline how the identity and relationship of the perpetrator to the victim is information necessary for the efficacy of treatment. *Taylor*, 268 S.W.3d at 591. In addition, the record must reflect that truth-telling was important to the efficacy of the victim's treatment and that the child understood the importance of truth-telling prior to the disclosure. *Id.* at 590.

Although Jarldane, a licensed professional counselor, testified that C.A. told her that Appellant had sexually assaulted C.A., the record does not explain why Jarldane needed C.A. to describe her attacker and the attack as part of the medical diagnosis or treatment. In addition, the record does not reflect that the identity of Appellant was important to the efficacy of C.A.'s treatment. This information appears even more tenuous because Appellant was not a family or household member. *See Taylor*, 268 S.W.3d at 591–92. Finally, the record does not contain

5

evidence that C.A. understood the importance of being truthful with Jarldane in order to properly treat C.A. And although C.A.'s mother testified that she always encouraged her children to tell the truth, that alone was insufficient to show that C.A. understood the importance of C.A. only disclosing true statements for proper treatment and that C.A. understood that she had to be truthful for the treatment to be effective. *See Luna v. State*, 264 S.W.3d 821, 830 (Tex. App.—Eastland 2008, no pet.) (licensed professional counselor's testimony of statements made to her by victim's sister, during counseling sessions and for purpose of medical diagnosis or treatment, were admissible where counselor explained to victim's sister the importance of telling the truth and counselor confirmed victim sister's understanding of the difference between the truth and a lie). Therefore, we hold that the trial court abused its discretion when it admitted Jarldane's testimony about what C.A. told her about Appellant and his actions.

B. *The trial court did not reversibly err when it admitted Jarldane's testimony that repeated what C.A. had told her about Appellant's actions because that evidence was cumulative of other admissible evidence.*

Although the trial court abused its discretion when it admitted Jarldane's recitation of C.A.'s statements about Appellant, that error is a nonconstitutional one under Rule 44.2(b) of the Texas Rules of Appellate Procedure. TEX. R. APP. P. 44.2(b). We disregard nonconstitutional errors unless they affect Appellant's substantial rights. *See id.* A substantial right is affected when the error has a substantial and injurious effect on the jury's decision-making. *See Anderson v. State*, 182 S.W.3d 914, 919 (Tex. Crim. App. 2006). However, if the same or similar evidence was admitted at another point in the trial without objection, then Appellant's substantial rights are not affected. *See Hanke v. State*, No. 09-14-00326-CR, 2015 WL 5604680, at *4 (Tex. App.—Beaumont Sept. 23, 2015, no pet.) (mem. op., not designated for publication); *see also Leday v. State*, 983 S.W.2d 713, 717

(Tex. Crim. App. 1998). In Appellant's case, the error was not reversible error; the error did not affect Appellant's substantial rights because the statements of C.A. that were repeated by Jarldane were also made by C.A. and K.A. when they testified at trial. C.A. testified that Appellant put his penis in her "private" and that it "hurt." K.A. testified to the statements made to her by C.A. about the assault. Jarldane's statements could not have had a substantial and injurious effect on the jury's verdict because the information was disclosed to the jury by alternative, admissible means. Therefore, we hold that the erroneous admission of Jarldane's statements was harmless.

## V. *Conclusion*

We affirm the judgment of the trial court.


MIKE WILLSON

JUSTICE


September 30, 2016

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

7