Affirmed and Opinion filed April 27, 2006









Affirmed
and Opinion filed April 27, 2006.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-05-00148-CR

NO.
14-05-00149-CR

____________

 

SALATHIEL ASHLEY
GREEN,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 209th
District Court

Harris County, Texas

Trial Court Cause Nos. 991,256
& 991,258

 



 

O P I N I O N

A jury convicted appellant, Salathiel
Ashley Green, of two counts of aggravated sexual assault of a child and
assessed punishment at 40 years= confinement in
the Texas Department of Corrections, Institutional Division for each
offense.  See Tex. Pen. Code Ann. ' 22.021 (Vernon
Supp. 2005).  Appellant appeals his
conviction in six issues.  We
affirm.  








Factual and
Procedural Background

Appellant taught a three-year-old daycare
class at Children=s World Learning Center.  Two unrelated children in appellant=s class, C.B. and
S.H., independently accused appellant of improperly touching them.  The parents of C.B. and S.H. notified the
Center of their children=s allegations on separate days without
knowledge of the other allegation. 

C.B. was fully toilet trained by the age
of two and a half, but she began wetting herself a few months after entering
appellant=s class. 
She only wet herself while at school. 
When the wetting became excessive, C.B.=s mother took C.B.
to a doctor.  C.B. told the doctor ABrady@ was scaring her
at school, and she identified Brady as AMr. Sal,@ the children=s name for
appellant.  C.B. also told the doctor
appellant touched her Abutt@ but pointed to
her vaginal area, and that appellant used his finger, and it happened in the
bathroom.  When on the stand, C.B.
testified this also happened while the class took their nap and the other
children were asleep.  C.B.=s mother waited a
day to call the daycare because she did not want to make an inappropriate
allegation.  Appellant was suspended
pending an investigation.  








Appellant occasionally babysat for S.H. in
her home, and appellant attended S.H.=s birthday
party.  Two days before S.H.=s party, appellant
brought S.H. her birthday presents, which consisted of four outfits, shoes, a
watch, a Power Puff Girls toy, a pencil box with a picture of appellant and
S.H., and a needlepoint.  At her party,
S.H. showed her gifts to her friends. 
When S.H.=s father saw the presents, he thought they
were excessive and became concerned over appellant=s demeanor.  He told S.H.=s mother to have a
good touch / bad touch conversation with S.H. and gave her direction on how to
have that conversation without suggesting to S.H. what their concerns might
be.  When S.H. and her mother had that
conversation, S.H. told her mother that AMr. Sal@ whispered in her
ear, kissed her, and sang songs to her. 
S.H. also said appellant touched her chest and Arana,@ a term they use
in their home for the female genitalia. 
S.H.=s mother called the Center the next day
and learned appellant was not on vacation, as he had told them, but he was
suspended due to the allegation previously made by another child, which was
C.B.

During trial, the jury heard testimony
from S.H. and C.B., their parents, their doctors, and various representatives
of the Children=s Assessment Center.  Appellant also testified and denied touching
either girl inappropriately.  He did say
if he had touched them inappropriately, it must have been an accident when he
picked them up.  Because appellant
testified it may have been an accident, the State brought forth two rebuttal
witnesses who testified about two other children who made allegations against
appellant.  One child made the allegation
before C.B., and one child made the allegation after the Center sent a generic
letter home to parents, not naming appellant or the charges against him.  The jury found appellant guilty of both
counts of aggravated sexual assault, and after hearing punishment evidence, it
assessed punishment at 40 years= confinement for
each cause. 

Discussion

I.                   
Limitation of Voir Dire

In his first issue,
appellant contends the trial court erred when it restricted his trial counsel=s voir dire.  Specifically, appellant=s trial counsel asked, AIn an appropriate case, a sexual
assault of a minor, say the age range is two to four to five years old, and
there=s a
conviction of sexual assault, can you consider probation?@ 
Appellant=s trial
counsel later said, Awe
are not talking about 17-year-olds.@  The trial court sustained the prosecutor=s objections to the question and
statement.  Appellant contends the
inquiries were proper because they sought to explore facts that could give rise
to a challenge for cause.  








The trial court has broad
discretion over the process of selecting a jury.  Barajas v. State, 93 S.W.3d 36, 38
(Tex. Crim. App. 2002).  Therefore, we
will not disturb a trial court=s
ruling on the propriety of a particular question absent an abuse of
discretion.  Id.  A trial court abuses its discretion only when
it prohibits a proper question about a proper area of inquiry.  Id. 
In determining whether a voir dire question calls for an improper
commitment, the courts must make two inquiries: 
(1) whether the particular question is a commitment question; and (2) if
the question gives rise to a challenge for cause, whether the question includes
only those facts necessary to test whether the venire member is challengeable
for cause.  Standefer v. State, 59
S.W.3d 177, 182B83 (Tex.
Crim. App. 2001); Tran v. State, Nos. 14-03-01372-CR to 14-03-01374-CR,
2005 WL 2334828, at *5 (Tex. App.CHouston
[14th Dist.] June 2, 2005, pet. ref=d).  

Appellant cites Lee v.
State, in support of the proposition that the age of the victim in an
indecency with a child case is an essential fact necessary for explaining a
hypothetical and appropriately challenging a venire member for cause.  176 S.W.3d 452, 467B62
(Tex. App.CHouston
[1st Dist.] 2004, pet. granted).  Lee
is distinguishable from the facts of this case because the prosecutor in Lee
only included facts in the indictment in the voir dire question, not those
facts specific to the case at bar.  Id.
at 461.  Here, appellant=s trial counsel specified the
approximate age of the child between two and five years old, while the
indictment only specified a child under the age of 14.  Even if a question would give rise to a
challenge for cause, the question may be improper if it includes facts in
addition to those necessary to establish a challenge for cause.  Sanchez v. State, 165 S.W.3d 707, 712
(Tex. Crim. App. 2005).  








The State cites Barajas
v. State in support of the proposition that consideration of a victim=s age improperly commits venire members
to assess or refrain from assessing punishment. 
93 S.W.3d at 40.  In reaching this
holding, the Barajas court considered two questions propounded by the
defense to the venire panel: (1) can venire members be fair and impartial in a
case in which the victim was nine years old; and (2) can venire members
consider probation in a case involving a victim who was eight to ten years old.[1]  Id. at 37B38.  The Barajas court held, if the
defendant=s purpose
was to determine whether venire members would consider the victim=s age in assessing punishment, the
question was improper.  Id. at
40.  A party Amay
not seek to commit venire members to assess or refrain from assessing
punishment@ based on
the age of the victim because the age of the victim is a permissible
consideration during punishment.  Id.  In his reply brief, appellant argues an
answer to the question would lead to a challenge for cause if the person had
said Ano,@ and therefore, the question should
have been allowed.  Appellant gives no
indication why a venire member=s
answer to this question would support a challenge for cause other than
committing venire members to assess or refrain from assessing punishment based
on the age of the victim.  If appellant
intended the question to elicit whether the venire member would consider the
full range of punishment, including probation, which would be a proper
question, he failed to do so because he asked an improper commitment
question.  Therefore, we hold this issue
is controlled by Barajas and overrule appellant=s
first issue.[2]  

II.                
Ineffective Assistance of Counsel








In issues two, three, four,
and six, appellant claims ineffective assistance of trial counsel.  The United States Supreme Court established a
two-prong test to determine whether counsel is ineffective.  Strickland v. Washington, 466 U.S.
668, 687B95, 104
S. Ct. 2052, 2064B69
(1984); Hernandez v. State, 726 S.W.2d 53, 55 (Tex. Crim. App.
1986).  Appellant must first demonstrate
his counsel=s
performance was deficient and not reasonably effective.  Strickland, 466 U.S. at 687B88, 104 S. Ct. at 2064.  Thereafter, appellant must demonstrate the
deficient performance prejudiced his defense. 
Id. at 692, 104 S. Ct. at 2067. 
Essentially, appellant must identify specific acts or omissions of
counsel that are alleged to constitute ineffective assistance and affirmatively
prove his counsel=s
representation fell below an objective standard of reasonableness, based on
prevailing professional norms. See id. at 690, 104 S. Ct. at 2066.  Appellant must show there is a reasonable
probability that, but for his counsel=s
unprofessional errors, the result of the proceeding would have been
different.  Id. at 694, 104 S. Ct.
at 2068; Valencia v. State, 946 S.W.2d 81, 83 (Tex. Crim. App.
1997).  Judicial scrutiny of counsel=s performance must be highly
deferential, and we are to indulge the strong presumption that counsel was
effective.  Jackson v. State, 877
S.W.2d 768, 771 (Tex. Crim. App. 1994). 
We assume counsel=s
actions and decisions were reasonably professional and were motivated by sound
trial strategy.  Id.  Moreover, appellant has the burden to rebut
this presumption, by a preponderance of the evidence, with evidence
illustrating trial counsel=s
motives.  Id. 

In appellant=s ineffective assistance of counsel
claims, he contends his trial counsel failed to object on four occasions: (1)
when a lay witness gave expert opinion testimony; (2) when one complainant=s mother testified about an
inadmissible outcry of her daughter; (3) when one complainant=s mother gave victim impact testimony
during the guilt/innocence phase; and (4) when one expert witness gave
inadmissible hearsay testimony.  For
appellant to succeed on these claims, he must demonstrate the trial court would
have erred in overruling the objection if trial counsel had objected.  Vaughn v. State, 931 S.W.2d 564, 566
(Tex. Crim. App. 1996); Oliva v. State, 942 S.W.2d 727, 732 (Tex. App.CHouston [14th Dist.] 1997), pet.
dism=d,
991 S.W.2d 803 (Tex. Crim. App. 1998). 
There may also have been strategic reasons for trial counsel=s failure to object on these four
occasions, and we may not speculate on counsel=s
motives in the face of a silent record.  See
Thompson, v. State, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999).  








Any allegation of
ineffectiveness must be firmly founded in the record, and the record must
affirmatively demonstrate the alleged ineffectiveness.  Bone v. State, 77 S.W.3d 828, 835
(Tex. Crim. App. 2002); Thompson, 9 S.W.3d at 814.  When the record is silent about the
motivations of counsel, we cannot conclude counsel=s
performance was deficient.  See
Jackson, 877 S.W.2d at 771.  In such
circumstances, appellant fails to rebut the presumption trial counsel=s decisions were reasonable.  Thompson, 9 S.W.3d  at 814. 
An appellate court is not required to speculate on trial counsel=s actions when confronted with a silent
record.  Jackson, 877 S.W.2d at
771; McCoy v. State, 996 S.W.2d 896, 900 (Tex. App.CHouston [14th Dist.] 1999, pet. ref=d). 
However, if a silent record clearly indicates no reasonable attorney
could have made such trial decisions, to hold such counsel ineffective is not
speculation.  See Vasquez v. State,
830 S.W.2d 948, 950B51 (Tex.
Crim. App. 1992).   

Here, appellant filed a
motion for new trial and raised ineffective assistance of counsel as one issue,
and in the hearing on that motion, appellant=s
two trial attorneys testified about several topics, mostly centering around
trial preparation.  At no time during
this hearing did appellant=s
trial attorneys testify about their motivations for not objecting on these four
particular occasions.  During the hearing
on the motion for new trial, the trial judge told appellant=s appellate counsel he had ten minutes
remaining and could supplement the record with an affidavit, but no affidavit
appears in the record before this court. 









In the vast majority of
cases, the undeveloped record on direct appeal will be insufficient for an
appellant to satisfy the dual prongs of Strickland because the
reasonableness of counsel=s
choices often involve facts not appearing in the appellate record.  Rylander v. State, 101 S.W.3d 107, 110
(Tex. Crim. App. 2003).  The record in
this case is undeveloped and does not adequately reflect the motives behind
trial counsel=s actions
to not object on these four occasions. 
Without any more information in the record before us, we would be
improperly speculating about why trial counsel did not object.  See Ortiz v. State, 93 S.W.3d 79, 95
(Tex. Crim. App. 2002) (refusing to speculate on trial counsel=s failure to object to hearsay
testimony when trial counsel=s
reasons do not appear in the record); Thompson, 9 S.W.3d at 814
(refusing to speculate on trial counsel=s
failure to object in light of a silent record). 
Furthermore, isolated failures to object to improper evidence generally
do not constitute ineffective assistance of counsel.  Ingham v. State, 679 S.W.2d 503, 509
(Tex. Crim. App. 1984); Moore v. State, 4 S.W.3d 269, 275 (Tex. App.CHouston [14th Dist.] 1999, no
pet.).  We must presume trial counsel had
plausible reasons for their actions. 
Because appellant has failed to bring forward evidence rebutting that
presumption, we are unable to conclude trial counsel=s
performance was deficient.  We overrule
issues two, three, four, and six. 

III.              
Hearsay Testimony

In his fifth issue,
appellant contends the trial court erred in admitting hearsay testimony of Dr.
Margaret McNeese.  Dr. McNeese is the
medical director at the Children=s
Assessment Center, which investigates allegations of sexual abuse, and she
testified she examined S.H. for signs of sexual abuse for the purpose of
medical diagnosis and treatment.  During
the interview portion of the examination, S.H. told Dr. McNeese that Mr. Sal
touched S.H. and told S.H. not to tell. 
S.H. also pointed to her own vagina when Dr. McNeese asked S.H. where
she had been touched.  Appellant obtained
a running objection to this entire testimony. 


An appellate court will
reverse a trial court=s
decision to admit evidence only for an abuse of discretion.  Ho v. State, 171 S.W.3d 295, 302 (Tex.
App.CHouston
[14th Dist.] 2005, pet. ref=d).  The abuse of discretion standard requires an
appellate court to uphold a trial court=s
admissibility decision when that decision is within the zone of reasonable
disagreement.  Robbins v. State,
88 S.W.3d 256, 260 (Tex. Crim. App. 2002). 








Statements by a suspected
victim of child abuse about the cause and source of the child=s injuries are admissible under an
exception to the rule against hearsay pursuant to Texas Rules of Evidence
803(4).  Tex. R. Evid. 803(4); Gregory v. State, 56 S.W.3d 164,
183 (Tex. App.CHouston
[14th Dist.] 2001, pet. dism=d).  Rule 803(4) provides an exception to the
hearsay rule for A[s]tatements
made for the purposes of medical diagnosis or treatment and describing medical
history, or past or present symptoms, pain, or sensations, or the inception or
general character of the cause or external source thereof insofar as reasonably
pertinent to diagnosis or treatment.@  Tex.
R. Evid. 803(4).  Appellant
contends, to qualify for this exception, the out of court declarant must be
aware the statements are used for medical diagnosis and treatment, and the statements
made here by S.H. are inadmissible because the trial court made no inquiry
about whether S.H. understood the purpose of her statements to Dr.
McNeese.  Appellant is correct that
awareness of the purpose of the statement creates an inherent reliability in
what is said, but no requirement exists for the witness to expressly state that
the young child verbally acknowledge her awareness of the use of the
statements.  Rather, the court should
consider whether the child had an appreciation for why the statements were
made.  See Gohring v. State, 967
S.W.2d 459, 462 (Tex. App.CBeaumont
1998, no pet.)  

In young children, the
presumption of reliability that forms the basis of the hearsay exception may
break down if the child does not understand the importance of being
truthful.  Beheler v. State, 3
S.W.3d 182, 188  (Tex. App.CFort Worth 1999, pet. ref=d). 
To determine whether a young child understands the need to be honest
when speaking with a doctor, the reviewing court must look to the record.  See Molina v. State, 971 S.W.2d 676,
684 (Tex. App.CHouston
[14th Dist.] 1998, pet. ref=d)
(utilizing the entire record to determine whether a child of alleged sexual
abuse appreciated the need to be truthful); see also Beheler, 3
S.W.3d at 188B89.  Dr. McNeese testified she conducted an interview
with S.H., which was used to make a diagnosis and hopefully treat S.H.  Dr. McNeese asked S.H. why S.H. was there,
and S.H. responded by shrugging her shoulders. 
Dr. McNeese then told S.H that boys and girls sometimes come to see her
because someone is worried they have been touched on their body where they do
not want to be.  S.H. then responded, AHe said not to tell@ and told Dr. McNeese the details of
who touched her and how she had been touched. 
Dr. McNeese also testified she believed S.H. was articulate when
responding to questions.  Dr. McNeese
further testified about the procedure used during examinations and interviews
to ensure she did not make suggestions to the child about what allegedly
happened.  Before S.H. testified, the
prosecutor asked her several questions to ensure she understood the difference
between the truth and a lie and why it was important to tell the truth.  The court found her competent to testify.  








This evidence is sufficient
to support a finding that S.H. understood the need to be truthful.  We hold the testimony by Dr. McNeese meets
the requirements of hearsay exception 803(4) and the trial court did not abuse
its discretion in admitting this testimony. 
Therefore, we overrule appellant=s
fifth issue.  

Conclusion

Having considered and overruled each of
appellants six issues on appeal, we affirm the judgment of the trial
court.  

 

 

 

/s/         John S. Anderson

Justice

 

 

 

 

Judgment
rendered and Opinion filed April 27, 2006.

Panel
consists of Chief Justice Hedges and Justices Yates and Anderson.

Publish
C Tex.
R. App. P. 47.2(b).

 











[1]  The second
question in Barajas is almost identical to the question asked by
appellant=s counsel during voir dire:  AIn an
appropriate case, sexual assault of a minor, say the age range is two to four
to five years old, and there=s a conviction of sexual assault, can you consider
probation?@





[2]  Additionally,
the Barajas court referred to its holding in Standefer when
noting parties may not ask whether venire members can consider probation under
particular facts of a case beyond the offenses charged in the indictment.  Barajas v. State, 93 S.W.3d 36, 38 n.
1 (Tex. Crim. App. 2002).  As we have
already discussed, the indictment in this case only refers to C.B. and S.H. as
persons under the age of 14, not by their specific ages.  Thus, the question becomes improper when
using specific ages of the victim.